1949

Francenia B. BLACKMON, Personal Representative of the Estate of Lonzenia Patterson, Appellant v. Morris HINSON, d/b/a Hinson Grocery, Harold M. Funderburk and the South Carolina Department of Highways and Public Transportation, Respondents.

(427 S.E. (2d) 706)

Court of Appeals

*George W. Speedy* and *Marion A. Grier, Jr.*, both of *Furman, Speedy & Stegner*, of Camden; *David E. Belton*, of Columbia, *for appellant.*

*Forrest C. Wilkerson*, of Rock Hill; and *Melvin B. McKeown, Jr.*, of *Spratt, McKeown & Bradley*, York, *for respondents.*

Heard Dec. 2, 1992.

Decided Feb. 16, 1993.

*Per Curiam:*

This is a wrongful death action brought by Francenia Blackmon (Blackmon), as personal representative for the estate of Lonzenia Patterson (the deceased), against the South Car-

olina Department of Highways and Public Transportation (the Highway Department). Patterson was killed at an intersection when the car she was driving collided with a truck. The trial judge granted summary judgment for the Highway Department. We affirm.

The record reflects the following facts. Patterson was driving a Ford automobile north on Highway 522 in Lancaster County, South Carolina. Highway 522 is a paved highway. A flashing red beacon and an oversized 48-inch stop sign control traffic proceeding north on Highway 522 at the intersection of Highway 903. The intersection also has a stop-limit line painted on the roadway. At the time of the accident the truck driver, Funderburk, was traveling east on Highway 903 toward the Highway 522 intersection. There is no evidence of record that Patterson stopped at the stop sign or the flashing red beacon but, to the contrary, there is testimony that she pulled into the intersection without coming to a complete stop. Blackmon submits that the Highway Department is liable because there was vegetation at the intersection which obscured the vision of traffic approaching the intersection where the accident occurred. We hold there is no evidence of record to support Blackmon's theory.

Blackmon relies upon photographs of the intersection. Her reliance is misplaced because the photographs were not admitted into evidence.

Next, Blackmon contends that the testimony of a Highway Department employee, who investigated the intersection two years after the accident, is evidence that vegetation blocked the deceased's view of oncoming traffic. We hold that the aforementioned testimony is not evidence that vegetation obscured the deceased's vision of traffic approaching from the east at the time of the accident. Accordingly, we find no error in the award of summary judgment in favor of the Highway Department because there is no dispute as to any material fact relating to Blackmon's theory of liability against the Highway Department.

The appealed order addresses each question presented by this appeal. We have thoroughly examined the record and after oral arguments and a careful study of the briefs, conclude that the trial judge, by the appealed order, correctly decided the questions presented on this appeal. Accordingly, we

hold that the issues raised by this appeal are manifestly without merit. S.C. Code Ann. § 14-8-250 (1991 Supp.).

For the foregoing reasons, we affirm.

Affirmed.